

# THE ATTORNEY GENERAL
## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

Affirmed by _H 84_

September 27, 1971

Honorable Jack McLaughlin
Commissioner
Bureau of Labor Statistics
Austin, Texas

Opinion No. M- 961

Re: Whether the provisions
of Article 5221(f), V.C.S.,
as amended require Mobile
Home Dealers to pay an
annual license fee of
$50.00.

Dear Mr. McLaughlin;

In your recent letter to this office you pointed out
that the 61st Legislature enacted legislation regulating
the manufacture and sale of mobile homes. This legislation
was codified as Article 5221(f), Vernon's Civil Statutes,
and required all dealers and manufacturers of mobile homes
to pay an annual license fee of $50.00 to your department.
The 62nd Legislature amended Article 5221(f), and that
Article as amended does not contain a requirement for the
payment of the $50.00 license fee. In view of this, you
have requested our opinion as to whether dealers and manu-
facturers of mobile homes are still required to pay an
annual license fee of $50.00 to your department.

Article 5221(f), as originally enacted by the 61st
Legislature, provided for the establishment of a uniform
code of standards for the plumbing, heating, and electrical
systems installed in mobile homes manufactured or sold in
this State. The Article required that all dealers and
manufacturers of mobile homes procure a license upon the
payment of the $50.00 fee, and that compliance with the
plumbing, heating, and electrical standards be evidenced
by a seal placed on the mobile home by the manufacturer or
dealer. The seals were to be obtained from your department
at a cost of $3.00 to the dealer or the manufacturer.

By House Bill 956, Acts 1971, 62nd Legislature, chapter
896, page 2765, Article 5221(f) was completely revised, and
the scope of its application extended. In addition to pro-

-4703-

viding standards for the installation of plumbing, heating, and electrical systems in mobile homes, the Article as amended also provides for uniform standards in require- ments for the body and frame design and construction of mobile homes.  Instead of requiring that dealers and manu- facturers of mobile homes be licensed, the Article now provides for a system whereby manufacturers will be issued a certificate of acceptability upon certification that mobile homes will be manufactured in compliance with the established standards.  Each  mobile home manufactured and sold within the State must also bear a seal issued by the department which indicates that the mobile home was manu- factured in compliance with uniform standards.  The Article as amended further makes it unlawful to manufacture or sell a mobile home within the State except in compliance with the standards established pursuant to the Article.

The Article as amended makes no mention of a license for either a manufacturer or dealer.  Section 11 pertains to fees and charges and reads as follows:

"Sec. 11. (a)The Board with the advice of the department shall esta- blish a schedule of fees to pay the cost incurred by the department for the work relating to the administra- tion and enforcement of this Act.

"(b) The Board shall set a fee for the issuance and annual renewal of certificates of acceptability which shall not exceed $100 per year.

"(c) The Board shall also set a charge for the issuance of seals of approval which shall not exceed $3.00 per seal.

"(d) All fees shall be paid to the state treasury and placed in a special account for the use of the department in the administration and enforcement of this Act."

This is the only provision in the amended Article which relates to the payment of fees in connection with

the administration and enforcement of the Act.  Although House Bill 956, does not contain a repealing clause, we are compelled to the conclusion that Article 5221(f) as amended is quite clearly intended to embrace the entire body of law on the subject of the regulation of the manufacture and sale of mobile homes.  It is a complete substitute for the prior law on this subject and repeals the prior Act even though House Bill 956 contains no repealing clause.  Commercial Code Co. v. American Manufacturing Co., 155 S.W.2d 834 (Tex.Civ.App. 1941, error ref.); Luse v. The City of Dallas, 131 S.W.2d 1074 (Tex. Civ.App. 1939, error ref.).

You are therefore advised, that the fifty dollars ($50.00) license fee required of dealers and manufacturers of mobile homes under the provisions of Article 5221(f), Vernon's Civil Statutes, is no longer required under the provisions of that Article as amended by the House Bill 956, Acts 1971, 62nd Legislature, Chapter 896, page 2765.

## SUMMARY

House Bill 956, Acts 1971, 62nd Legislature, Chapter 896, page 2765, completely revises and replaces the provisions of Article 5221(f), V.C.S., and the $50.00 license fee which that Article previously required of dealers and manufacturers of mobile homes is no longer required to be paid to the Bureau of Labor Statistics.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by W. O. Shultz
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Harriet Burke
Malcolm Quick
Ben Harrison
Scott Garrison

SAM McDANIEL
Acting Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant